**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MENTE CHEVROLET OLDSMOBILE, | : | |
| INC. F/K/A MENTE CHEVROLET, INC. | : | |
| t/a MENTE CHEVROLET | : | CIVIL ACTION |
| and | : | |
| MENTE CHRYSLER DODGE, INC. | : | |
| and | : | NO. 08-cv-2403 |
| DONALD M. MENTE | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| GMAC | : | |
| *Defendant.* | : | |
| | : | |

**ORDER**

AND NOW, on this _____ day of _____ , 2009, upon consideration of Defendant's, GMAC, Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is hereby ORDERED and DECREED that said Motion is GRANTED and Plaintiffs' First Amended Complaint is DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
JUAN R. SANCHEZ, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MENTE CHEVROLET OLDSMOBILE, | : | |
| INC. F/K/A MENTE CHEVROLET, INC. | : | |
| t/a MENTE CHEVROLET | : | CIVIL ACTION |
| and | : | |
| MENTE CHRYSLER DODGE, INC. | : | |
| and | : | NO. 08-cv-2403 |
| DONALD M. MENTE | : | |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| GMAC | : | |
| *Defendant.* | : | |
| | : | |

## DEFENDANT'S, GMAC, MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendant, GMAC, by and through its counsel, Lavin, O'Neil, Ricci, Cedrone & DiSipio, respectfully submits the within Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its Motion, defendant states the following:

1.     This is an action arising out of alleged injuries suffered by plaintiffs when the Mente Chevrolet and Mente Chrysler franchises were allegedly terminated by the manufacturers for breaching the Sales and Service Agreements.

2.     This action was originally commenced by Plaintiffs, Mente Chevrolet Oldsmobile, Inc., F/K/A Mente Chevrolet, Inc. t/a Mente Chevrolet, and Mente Chrysler Dodge, Inc., and Donald M. Mente (hereinafter "plaintiffs" or "Mente") on May 7, 2008 by filing a Complaint under the caption of <u>Mente Chevrolet Oldsmobile, Inc., F/K/A Mente Chevrolet, Inc. t/a Mente Chevrolet and Mente Chrysler Dodge, Inc., and Donald M. Mente v. GMAC</u>, in the

Court of Common Pleas, Berks County, Pennsylvania No. 08-5514, alleging breach of fiduciary duty, tortuous (sic) interference with contractual relations and breach of contract.

3.      On or about May 22, 2008, defendant (hereinafter "GMAC") filed a Notice of Removal with the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction.

4.      On or about June 2, 2008, GMAC filed an Answer with Affirmative Defenses to plaintiffs' Complaint.

5.      On or about June 4, 2008, plaintiffs filed a Combined Memorandum and Motion for Remand.

6.      Defendant timely filed a Memorandum in Opposition on June 17, 2008.

7.      Several months later, on or about November 25, 2008, plaintiffs filed a Combined Motion to Amend and Withdraw Motion for Remand.

8.      On or about January 23, 2009, plaintiffs' Combined Motion to Withdraw Motion for Remand and to File an Amended Complaint was granted.

9.      On January 23, 2009, plaintiffs' filed their First Amended Complaint alleging nine causes of action against GMAC: (1) violation of the Robinson-Patman Act; (2) violation of 42 U.S.C.A. §1983; (3) violation of the Federal Automobile Dealer's Day in Court Act, 15 U.S.C. §1221; (4) violation of 15 U.S.C. §1; (5) violation of 63 P.S. §818.12; (6) tortuous interference with contractual relationships; (7) breach of contract; (8) conversion; and (9) declaratory relief.

10.     A Rule 12(b)(6) Motion to Dismiss will be granted when the Complaint, viewed in the light most favorable to the non-moving party, asserts a claim that is either not cognizable as a matter of law or does not contain sufficient factual allegations to support a cognizable legal

theory. FED R. CIV. P. 12(b)(6); *Oatway v. American International Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003).

11.    For the reasons stated in the attached memorandum of law, GMAC's Motion to Dismiss should be granted because plaintiffs have failed to state a claim upon which relief can be granted.

WHEREFORE, defendant, GMAC, respectfully requests that the Court enter an Order in the form attached dismissing plaintiffs' First Amended Complaint with prejudice.

Respectfully submitted,

LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

BY:    */s/ Stephanie A. Gahagan*
        Regina Cohen, Esquire
        Identification No. 57272
        Stephanie A. Gahagan, Esquire
        Identification No. 90983
        Attorneys for Defendant, GMAC

        190 North Independence Mall West
        6th & Race Streets, Suite 500
        Philadelphia, PA  19106
        (215) 627-0303

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MENTE CHEVROLET OLDSMOBILE, | : | |
| INC. F/K/A MENTE CHEVROLET, INC. | : | |
| t/a MENTE CHEVROLET | : | CIVIL ACTION |
|    and | : | |
| MENTE CHRYSLER DODGE, INC. | : | |
|    and | : | NO. 08-cv-2403 |
| DONALD M. MENTE | : | |
|        *Plaintiffs* | : | |
|    v. | : | |
| | : | |
| GMAC | : | |
|       *Defendant.* | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S, GMAC,
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant, GMAC, submits this memorandum of law in support of its Motion to Dismiss

Plaintiffs' First Amended Complaint ("Amended Complaint"), a copy of which is attached as

Exhibit A.

**I.**    **PROCEDURAL/FACTUAL BACKGROUND**

GMAC provided floor plan financing for Mente Chevrolet and Mente Chrysler Dodge.

During a routine audit conducted by GMAC representatives on July 19, 2007, it was discovered

that Mente Chevrolet did not promptly pay the principal amount financed by GMAC for certain

motor vehicles which the dealership had sold. This was a default of Mente Chevrolet's financial

obligations pursuant to the terms of the Wholesale Security Agreement signed by Mente

Chevrolet and GMAC. Donald Mente was immediately notified of the default. Pursuant to a

Cross Collateralization Cross Default Agreement, Mente Chrysler Dodge was also declared in

default.

Mente was unable to fulfill their financial obligations to GMAC and subsequently closed their doors. With Mente's consent, GMAC took the vehicles and sold them at auction to reduce the debt owed to GMAC. GMAC was still owed over one million dollars and its collateral was still housed within Mente's property. When Mente refused to grant GMAC access to the property to recover the collateral, GMAC was forced to file a Replevin action. In the replevin action, Mente has alleged that neither dealership was in default and that GMAC's actions were a mere pretext to close the dealer points. Essentially, Mente has made the same allegations of conspiracy with GM that it is presently making in this federal court action.

GMAC was also left with no option but to file a Confession of Judgment action against Mente for the outstanding balance due and owed to GMAC. The confession of judgment action was based on the warrant of attorney provision contained in the Forbearance Agreement between GMAC and Mente Chevrolet. In the confession of judgment action, Mente has alleged that the Forbearance Agreement was executed under duress. Again, this is one of the same allegations that Mente is presently making in this action. These two actions are currently pending in Berks County Court of Common Pleas.

Plaintiffs filed their initial Complaint in Berks County Court of Common Pleas on May 7, 2008 alleging breach of fiduciary duty, tortuous interference with contractual relations and breach of contract. On May 22, 2008, Defendant filed a Notice of Removal.

On June 2, 2008, GMAC filed an Answer with Affirmative Defenses. Immediately following, the plaintiffs filed a Motion to Remand. Approximately 5 months later, plaintiffs filed a Combined Motion to Withdraw the Motion to Remand and For Leave to File an Amended Complaint. This Court granted Plaintiffs' Combined Motion and on January 23, 2009, plaintiffs filed and served their Amended Complaint. The Plaintiffs' Amended Complaint sets forth seven

(7) new causes of action: violation of the Robinson-Patman Act; violation of 42 U.S.C.A. §1983; violation of the Federal Automobile Dealer's Day in Court Act, 15 U.S.C. §1221; violation of 15 U.S.C. §1; violation of 63 P.S. §818.12; conversion; and declaratory relief. Plaintiffs have failed to state a claim under which relief can be granted.

## II.    LEGAL ARGUMENT

### A.    Legal Standard

#### 1.    A Motion to Dismiss Must be Granted Where a Plaintiff's Complaint Fails to Set Forth a Cognizable Cause of Action as a Matter of Law.

Where a plaintiff's initial pleading either fails to state a valid claim on its face, or fails to allege sufficient facts to support a valid claim, a 12(b)(6) Motion to Dismiss is proper. This principle is borne out in the text of the Rule which provides, in part, as follows:

> Every defense in law or in fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . failure to state a claim upon which relief can be granted.

> FED R. CIV. P. 12(b)(6).

Rule 12(b)(6) instructs a court to dismiss an action for failure to state a claim if it appears that no relief could be granted under any set of facts that could conceivably be proved. *Hishin v. King & Spalding,* 467 U.S. 69, 73 (1984). In granting a Motion to Dismiss for failure to state a claim, the trial court must assume all well pleaded allegations to be true and construe these allegations in a light most favorable to the non-moving party. *Goulburn v. Upper Darby Township,* 828 F.2d 663, 665-666 (3d Cir. 1988). If, under this standard, plaintiff cannot state a legally cognizable cause of action, a Motion pursuant to 12(b)(6) is properly granted. *Oatway v. American International Group, Inc.,* 325 F.3d 184, 187 (3d Cir. 2003). To survive a motion to

dismiss, a complainant's "[f]actual allegations must be enough to raise a right to relief above speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). A complaint will be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The claims contained within Mente's Amended Complaint contain only sparse relevant factual allegations and even accepting them as true, they do not establish a cognizable or plausible cause of action. Consequently, plaintiffs' Amended Complaint must be dismissed.

### 2.    Plaintiffs' Amended Complaint Should Be Dismissed or Stayed Based on the Prior Pending Action Doctrine

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Ca. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) and *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977) (en banc)). For an action to be deemed duplicative, there must be the same parties; the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts; and the essential basis of the relief sought must be the same. *Berger v. Weinstein*, 2008 WL 4858318 (E.D.Pa. 2008) quoting *Tara M. v. City of Phila. Civ. A.* No. 97-1041, 1998 WL 464910 at *2 (E.D.Pa. Aug. 6, 1998).

The above criteria have been met in the present case. As stated supra, there are currently two state court actions pending: a replevin action and a confession of judgment action. The parties are the same. The same set of underlying facts lays the groundwork for both the state court actions and the federal court case. While the state court cases were initiated by GMAC, the defendants have essentially asserted as defenses to both of those actions that (1) they were not in

default and (2) that GMAC conspired with GM and Chrysler to close Mente's franchises. In addition, Mente has asserted as a defense that the Forbearance Agreement was signed under duress and should therefore be declared unenforceable.

As a result of meeting the criteria for proving a prior pending action, plaintiff's amended complaint should be dismissed or stayed pending the outcomes in the state court actions.

**B.    Plaintiffs' Amended Complaint Fails to State Any Claims Against GMAC as a Matter of Law.**

**1.    Plaintiffs Fail to State a Claim Under the Robinson-Patman Act**

Plaintiffs allege in the first count of their amended complaint that GMAC conspired to prevent Mente from receiving the financial compensation and assistance which it was entitled to receive pursuant to both GM and Chrysler's Sales and Service Agreements. *See* Amended Complaint ¶¶133-137. Further, plaintiffs allege that Section 2(e) of the Robinson Patman Act, 15 U.S.C. 13(e), makes it unlawful for GMAC to act to prevent Mente from receiving the financial compensation and assistance which Mente was entitled to receive. Id. at ¶137.

Section 2(e) of the Robinson Patman Act states:

> It shall be unlawful for any person to discriminate in favor of one purchaser against another purchaser or purchasers of a commodity bought for resale, with or without processing, by contracting to furnish or furnishing, or by contributing to the furnishing of, any services or facilities connected with the processing, handling, sale, or offering for sale of such commodity so purchased upon terms not accorded to all purchasers on proportionally equal terms.

15 U.S.C. 13(e).

The services or facilities referred to in §2(e) are limited to advertising, promotional or merchandising services. *Cole v. Ford Motor Company, et al.*, 566 F.Supp.558, 567 (W.D.Pa. 1983) citing *Cecil Corley Motor Co. v. General Motors Corp.*, 380 F.Supp. 819, 851 (M.D.Tenn. 1974) (A leading case on the issue). *L & L Oil Co. v. Murphy Oil Corp.*, 674 F.2d 1113, 1118-

19 (5th Cir. 1982); *Diehl & Sons, Inc. v. Int'l Harvester Co.*, 445 F.Supp. 282, 285-86 (E.D.N.Y. 1976) ("Diehl II").

The services must concern the purchaser's subsequent *resale* of the commodity. *Cole*, 566 F.Supp. at 567 citing *Rickles, Inc. v. Frances Denney Corp.*, 508 F.Supp. 4, 6 (D.Mass. 1980). The commodity itself may not be a service. Rather, the commodity must be a tangible product or good. *Cole*, 566 F.Supp. at 567-68 citing *Advanced Office Systems v. Accounting Systems Co.*, 442 F.Supp. 418, 421 (D.S.C. 1977) (interpreting the word, "commodities," in §2(a) of the Act).

Credit terms and financing are outside the coverage of §2(e). *Cole*, 566 F.Supp. at 567 citing *Diehl & Sons, Inc. v. Int'l Harvester Co.*, 426 F.Supp. 110, 122 (E.D.N.Y. 1976) ("Diehl I"); *Rea v. Ford Motor Co.*, 355 F.Supp. 842, 851 and 869 (W.D.Pa. 1973), *aff'd in part and rev'd in part*, 497 F.2d 577 (3d Cir.) (no discussion of the Robinson-Patman Act), *cert. denied*, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 106 (1974).

In the present case, GMAC provided floor plan financing for both Mente Chevrolet and Mente Chrysler Dodge. When Mente Chevrolet failed to comply with the payment obligations as required by the Wholesale Security Agreement, it was in default. Nowhere in plaintiff's Amended Complaint have they alleged any discrimination in favor of another purchaser of a commodity as required by §13(e) of the Robinson Patman Act. Since GMAC was merely providing financing to the plaintiffs and financing is outside the coverage of this Act, plaintiffs' allegations under Count I must be dismissed.

### 2. Plaintiffs Fail to State a Claim Under 42 U.S.C.A. §1983

Mente has alleged that GMAC acted in violation of Pennsylvania Rules of Civil Procedure, statutory law and its obligations under common law. Amended Complaint ¶¶144-

145. Further, Mente alleges that GMAC's actions were taken under color of law and absent due process. Amended Complaint ¶¶147-148. Since Mente makes no mention of the specific Pennsylvania laws that GMAC has violated, it is quite difficult to respond to this claim. However, under Pennsylvania case law, self-help repossession of an automobile by a secured creditor upon a default by the debtor does not constitute the requisite 'state action' required to state a cause of action under 42 U.S.C. §1983. *Gibbs v. Titelman*, 502 F.2d 1107 (3d Cir. 1974).

In the present case, during a routine audit conducted by GMAC representatives on July 19, 2007, it was discovered that Mente Chevrolet did not promptly pay the principal amount financed by GMAC for certain motor vehicles which the dealership had sold. This was a default of Mente Chevrolet's financial obligations pursuant to the terms of the Wholesale Security Agreement signed by Mente Chevrolet and GMAC. The terms of the Wholesale Security Agreement provided that in the event of default, GMAC would have the right to take possession of its collateral (the new vehicle stock) with or without judicial process. Several months later, GMAC employed self-help measures by repossessing, without judicial process, Mente Chevrolet's vehicle stock and selling those vehicles at auction. GMAC applied the proceeds to the outstanding balance owed to GMAC by Mente Chevrolet. At the time that GMAC took possession of the vehicles, it was done without breaching the peace. Further, prior to the repossession, Mr. Mente was notified of the date that GMAC would take possession of the vehicles. Plaintiffs' allegations to the contrary are disingenuous and erroneous. However, regardless, GMAC's actions do not constitute 'state action' or a deprivation of property. Therefore, their claims under 42 U.S.C. §1983 must be dismissed.

### 3.    Plaintiffs Fail to State a Claim Under 15 U.S.C.A. §1221

The third count of plaintiffs' amended complaint alleges that GMAC, as an agent for GM and Chrysler, acted in bad faith in violation of 15 U.S.C.A. §1221 (hereinafter "ADDCA"). The ADDCA was enacted "to redress the economic imbalance and unequal bargaining power between large automobile manufacturers and local dealerships" and to protect automobile dealers from "retaliatory and coercive practices." *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000). To state a cognizable claim under the ADDCA, a plaintiff must allege that (1) it is an automobile dealer; (2) the defendant is an automobile manufacturer; (3) a manufacturer-dealer relationship exists and is embodied in a written franchise agreement; and (4) it has been injured by the defendant's failure to act "in good faith in performing or complying with any of the terms or provisions of the franchise." 15 U.S.C. §1222; also see, *Northview Motors, supra,* 227 F.3d at 92. Plaintiffs' allegations under the ADDCA must fail because plaintiffs have failed to establish that GMAC is a manufacturer.

The ADDCA defines manufacturer as:

> " . . . any person, partnership, corporation, association, or other form of business enterprise engaged in the manufacturing or assembling of passenger cars, trucks, or station wagons, including any person, partnership, or corporation which acts for and is under the control of such manufacturer or assembler in connection with the distribution of said automotive vehicles."

15 USCA §1221(a).

In the present case, plaintiffs have alleged that GMAC, as an agent of GM and Chrysler, falls within §1221(a) of the ADDCA. This claim must be dismissed as a matter of law because GMAC is not an automobile manufacturer. To put it as simply as possible, GMAC does not make cars. GMAC provides dealers with the financing necessary to acquire and maintain

vehicle inventories. In addition, GMAC provides customers a means by which to finance vehicle purchases. Further, GMAC is not a party to the Sales and Service Agreement.

The only way that GMAC can be held liable under the ADDCA is if plaintiffs' allegations assert an agency relationship between GMAC and GM and Chrysler. Plaintiffs have to establish that GMAC was an agent of GM and Chrysler or that GMAC was otherwise under their control. *Lazar's Auto Sales, Inc. v. Chrysler Financial Corporation et al.*, 83 F.Supp.2d 384, 387 (S.D.N.Y. 2000) citing *Keys Jeep Eagle, Inc. v. Chrysler Corp.*, 897 F.Supp. 1437 (S.D.Fla. 1995), *aff'd without opinion*, 109 F.3d 773 (11th Cir. 1997). The law is clear in Pennsylvania that the three basic elements of agency are: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking. *Scott v. Purcell*, 490 Pa. 109, 117, 415 A.2d 56, 60 (1980), quoting *Restatement (Second) of Agency* §1, Comment b (1958); see also *Reid v. Ruffin*, 503 Pa. 458, 463, 469 A.2d 1030, 1033 (1983). Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary. *Smalich v. Westfall*, 440 Pa. 409, 413, 269 A.2d 476, 480 (1971).

The burden of establishing an agency relationship rests with the party asserting the relationship, in this case the plaintiffs. *Scott*, 490 Pa. at 117 n.8, 415 A.2d at 61 n.8. Plaintiffs' Amended Complaint does not contain any evidence to support a finding that GMAC acted as GM or Chrysler's agent, or even at either of their behest, in any respect concerning the Mente dealerships. Other than simply stating that GMAC was an agent for GM, plaintiffs have not alleged that GM or Chrysler directed, requested or even suggested that GMAC help in the "massive restructuring effort." The plaintiffs have not stated anywhere in their complaint that GMAC was directed by GM or Chrysler to heighten its financial scrutiny of either Mente

13

dealership or suspend or terminate Mente's credit facilities. Plaintiffs' do not refer to an actual agreement between GM and/or Chrysler and GMAC beyond a conclusion nor do they cite to any representation made by GMAC that is was acting on behalf of GM and/or Chrysler. Plaintiffs have failed to plead minimum facts from which to infer an agency relationship. Simply attaching news articles to the complaint does not suffice to establish an agency relationship. The only things that plaintiffs do put forth are conclusory allegations and that is not enough to maintain a claim under the pleading requirements which the U.S. Supreme Court set forth in *Bell Atlantic v. Twonbly*. This claim should accordingly be dismissed.

**4.      Plaintiffs Fail to State a Claim Under 15 U.S.C. §1**

To establish a violation of §1 of the Sherman Act, the plaintiff must allege facts sufficient to establish (1) a combination or some form of concerted action between at least two legally distinct economic entities; and(2) such combination or conduct constituted an unreasonable restraint of trade either per se or under the rule of reason. *Rome Ambulatory Surgical Center, LLC v. Rome Memorial Hosp. Inc.*, 349 F.Supp.2d 389, 406 (N.D.N.Y. 2004) citing *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 95 (2d Cir. 1998). Because of the considerable expense and extensive discovery inherent with an antitrust case, a bare allegation that a conspiracy is afoot or an agreement was made is insufficient. *Bell Atlantic Corp.*, 127 S. Ct. at 1966 (stating that conclusory allegations containing terms like "conspiracy" and "agreement" are insufficient) and *Rome Ambulatory*, 349 F.Supp.2d at 406 (stating business relations and opportunity to conspire are not sufficient in and of themselves for inferring agreement). The factual allegations must state circumstances which are not due to "chance, coincidence, independent responses to common stimuli, or mere interdependence unaided by an advance understanding among the parties." *Bell Atlantic*, 127 S. Ct. at 1966 n.4. It is not enough to simply attach various new

articles printed from the Internet and allege that they prove conspiracy. In addition, the alleged wrongful conduct must be for no other discernable reason than to engage in a conspiracy. *Id.*

In the present case, Mente fails to allege facts sufficient to establish a conspiracy between GMAC and GM and Chrysler. Mente conclusively and generically states that "GMAC has conspired to unlawfully reduce the number of GM and Chrysler dealerships" and that "GMAC's actions have unreasonably restrained trade and commerce." Amended Complaint at ¶¶163-164. In addition, Mente has alleged that "GMAC assisted" GM in its alleged restructuring plan. Amended Complaint at ¶162. These allegations are insufficient because they are nothing more than conclusory allegations that the "conspiracy" is an unreasonable restriction on commerce. Mente has failed to allege any facts which show an antitrust action is plausible. The only facts alleged are: GMAC was conceived to finance and fund GM's dealer network, when GM's Board approved a massive restructuring effort contemporaneously with the sale of 51% of GMAC to Cerberus, GM wanted to reduce its dealer network, GM and Chrysler used GMAC as their agent to terminate the Mente dealerships and one of Bill Heard Enterprises' stores was declared out of trust. Amended Complaint at ¶¶28-29, 34. The Amended Complaint fails to allege facts that would support the conclusion that the termination of floor plan financing was for no other discernable reason than to reduce the number of dealerships. The Amended Complaint does not allege any facts that attribute the other dealership closing to the conspiracy. The Amended Complaint fails to allege any facts that explain how competition is suppressed nor does it allege any facts that define the product or geographic market. *Bell Atlantic*, 127 S.Ct. at 1971-74 (dismissing claim based on failure to allege facts supportive of a conspiracy) and *Double D Sporting Services, Inc. v. Supervalue, Inc.*, 136 F.3d 554, 561 (8th Cir. 1998) (dismissing based on a failure to define the relevant market).

Assuming, arguendo, that Mente has alleged facts sufficient to establish a conspiracy, which GMAC vigorously denies, Mente's claims under the Sherman Act still fail to state a cognizable claim for relief under the rule of reason analysis. Under the rule of reason, before a fact finder may consider the harms and benefits of the challenged behavior, the plaintiff must initially show that the challenged action had an actual adverse effect on competition as a whole in the relevant market. The fact that is may have been harmed as an individual competitor will not suffice. *Rome Ambulatory*, 349 F.Supp.2d at 406-407 citing *Tops Mkts.*, 142 F.3d at 96.

Plaintiff has two independent means by which to satisfy the adverse-effect requirement. The first option is to show an actual adverse effect on competition. Alternatively, plaintiff can demonstrate an "adverse effect" indirectly by establishing that the defendant had sufficient market power to cause an adverse effect on competition. The plaintiff may demonstrate actual adverse effects on the market by showing a reduced output, increased prices, decreased quality or the imposition of entry barriers. Since plaintiffs have failed to define the relevant market, it is impossible for them to allege any facts sufficient to establish an adverse effect on the market. The only thing that plaintiffs have alleged is that the Mente dealerships were subsequently closed by GM and Chrysler and that Mente was injured as a result. These allegations are insufficient to establish an antitrust claim and thus the Sherman Act claim must be dismissed.

### 5.    Plaintiffs Fail to State a Claim Under 63 P.S. §818.12

Mente has failed to state a cognizable claim under the Commonwealth of Pennsylvania's Automobile Dealer's Day in Court Act ("CADDCA"). This statute is designed to protect new vehicle dealers from being coerced or required to enter into an agreement with the manufacturer under the threat of termination or non-renewal of a franchise or other contractual agreement.

Under the plain language of the Act, Mente cannot prove a cause of action because GMAC is not considered a manufacturer.

The CADDCA defines manufacturer as:

> Any person, resident or nonresident, who manufactures or assembles vehicles or who manufacturers or installs on previously assembled chassis special bodies or equipment which when installed form an integral part of a vehicle and which constitute a major manufacturing alteration.

63 P.S. §812.2.

Simply put, GMAC does not make cars. It does not assemble vehicles. It does not install equipment or parts on vehicles. GMAC provides dealers with the financing necessary to acquire and maintain vehicle inventories. In addition, GMAC provides customers a means by which to finance vehicle purchases. Further, while the Sales and Service Agreement may fall within CADDCA under the definition of "franchise," GMAC is not a party to the Sales and Service Agreement between Mente Chevrolet and GM or between Mente Chrysler Dodge and Chrysler. Mente claims that GMAC is liable under §(b)(14) which makes it unlawful for a ***manufacturer*** to compel a dealer through a finance subsidiary to agree to unreasonable requirements or to directly or indirectly terminate a new vehicle dealer through the actions of a finance subsidiary. *Id.* This allegation is only appropriately leveled at a manufacturer. As a result, Mente's claim that GMAC is liable under this act must be dismissed.

### 6.    Plaintiffs Fail to State a Claim for Tortuous Interference With Contractual Relations

Pennsylvania courts have adopted the Restatement (Second) of Torts definition of tortuous interference. *Crivelli v. General Motors Corporation*, 215 F.3d 386 (3d Cir. 2000). To sustain a cause of action for intentional interference with a contractual relation, a claimant must establish (1) the existence of a contractual relation between complainant and a third party; (2)

purposeful action on the part of the defendant specifically intended to harm the existing relation; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damages as a result of defendant's conduct. *Gabe Staino Motors, Inc. v. Volkswagen of America, Inc.*, 2005 U.S. Dist. LEXIS 7940 (2005), citing *Crivelli, supra*.

With respect to the Mente dealerships, there is no question that Mente Chevrolet had a contractual relationship with GM and that Mente Chrysler Dodge had a contractual relationship with Chrysler via the Sales and Services Agreements. However, plaintiffs have failed to allege facts sufficient to prove the second and third elements of this cause of action. Plaintiffs' Amended Complaint is completely devoid of any factual allegations that assert an absence of privilege or justification on the part of GMAC. GMAC provided Mente with floor plan financing. This financing was subject to the terms and conditions of the Wholesale Security Agreements signed by Mr. Mente on behalf of both Mente Chevrolet and Mente Chrysler Dodge. During a routine audit, it was discovered that Mente Chevrolet did not promptly pay the principal amount financed by GMAC for certain motor vehicles which the dealership had sold. This was a default of Mente Chevrolet's financial obligations pursuant to the terms of the Wholesale Security Agreement signed by Mente Chevrolet and GMAC. Based on the Cross Collateralization and Cross Default Agreement, Mente Chrysler Dodge was in default as well. GMAC was more than justified in suspending credit lines to the Mente dealerships.

In addition, the Amended Complaint lacks any factual allegations that establish a "purposeful action" on the part of GMAC "intended to harm" the relationship between Mente and GM and Chrysler. As a result, plaintiffs have failed to establish the requisite elements of a cause of action for tortuous (sic) interference and such claim must be dismissed.

### 7.    Plaintiffs Fail to State A Claim for Breach of Contract

To sustain a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Surya Sys. v. Sunku*, 2005 U.S. Dist. LEXIS 12544 citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc.* 2002 PA Super. 39, 792 A.2d 1269, 1272 (PA. Super. 2002), *CoreStates Bank, Nat'l Assn. v. Cutillo,* 199 PA Super. 14, 723 A.2d 1053 (PA Super. 1999).

The duty of "good faith" has been defined as "[h]onesty in fact in the conduct or transaction concerned." See 13 Pa.C.S. §1201. The obligation to act in good faith in the performance of contractual duties varies somewhat with the context, *Baker v. Lafayette College,* 350 Pa. Super. 68, 84, 504 A.2d 247, 255, *aff'd,* 516 Pa. 291, 532 A.2d 399 (1987), and a complete catalogue of types of bad faith is impossible, but it is possible to recognize certain strains of bad faith which include: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance. Restatement (Second) of Contracts §205(d).

In the present case, plaintiffs have failed to allege any facts that establish that GMAC failed to act in good faith. The Wholesale Security Agreement, the contract between GMAC and Mente, provides that GMAC will provide floor plan financing for Mente's dealerships and in exchange, Mente will faithfully and promptly remit the amount advanced by GMAC. GMAC advanced the financing that enabled Mente to purchase vehicles from the manufacturers. However, Mente did not promptly remit payment to GMAC after selling those vehicles to its customers. As a result, Mente was in default of its financial obligations to GMAC. The

Amended Complaint lacks the allegations sufficient to sustain a cause of action for breach of contract and therefore, this count must be dismissed.

### 8.    Plaintiffs Fail to State A Claim for Conversion

The Restatement (Second) of Torts defines conversion as: "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Id. at §222A(1).    Plaintiffs' claim for conversion fails because Mente has not asserted facts sufficient to show that it had a possessory right to the chattel. Plaintiffs have alleged that GMAC converted Open Account funds, vehicle inventory and proceeds.    Amended Complaint ¶186. However, they did not allege any facts that show they were entitled to possession of such collateral.    Without alleging facts sufficient to show that Mente had a possessory right to the chattel, their claim must be dismissed as a matter of law.

### 9.    Plaintiffs Fail to State A Claim for Declaratory Relief

To support a claim for declaratory relief, a movant must show that the issues presented are purely legal, rather than factual. See *Lujan v. Nat'l Wildlife Fed'n.*, 497 U.S. 871 (1990); *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-149 (1967).    Thus, for example, a claim for declaratory relief is proper, and often sought, by a party seeking to resolve a dispute concerning contract terms. See *Northland Assocs. v. F.W. Woolworth Co.*, 362 F. Supp. 75, 76-77 (N.D. Ill. 1973) (construction of disputed contract terms is a purely legal issue that is proper for consideration of declaratory relief); see also *Burger King Corp. v. Hanley Dining, Inc.*, 426 F. Supp. 485, 487 (E.D. Pa. 1977) (court interpreted written agreement to hold that party seeking relief had right to terminate the contract), aff'd without opinion, 566 F.2d 1168 (3d Cir. 1977).

Mente's request for declaratory judgment fails to set forth any contractual terms in

dispute that could properly be the subject of a declaratory judgment. To the contrary, Mente simply asserts that GMAC required Mente to execute an "undated March 2007 amendment and subsequent forbearance agreement under threat, coercion and duress" and that "these documents are contracts of adhesion and contain clauses that inure exclusively to the benefit of GMAC and to the detriment of plaintiffs." Amended Complaint, ¶¶191-192.

In addition, plaintiffs are seeking the same relief in the confession of judgment action that is currently pending in state court. When possible, gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495, 62 S.Ct. 1173 (1942). The ninth count of Mente's complaint completely fails to set forth any basis for declaratory relief, warranting the dismissal of that claim under Fed. R. Civ. P. 12(b)(6) and the prior pending action doctrine.

## III.    CONCLUSION

For the foregoing reasons, defendant, GMAC respectfully requests that the Court enter an Order in the form attached dismissing plaintiffs' First Amended Complaint with prejudice.

Respectfully submitted,

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY:    */s/ Stephanie A. Gahagan*
Regina Cohen, Esquire
Identification No. 57272
Stephanie A. Gahagan, Esquire
Identification No. 90983
Attorneys for Defendant, GMAC

190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
(215) 627-0303

21

**CERTIFICATE OF SERVICE**

I, Stephanie A. Gahagan, Esquire, hereby certify that a true and correct copy of Defendant's, GMAC, Motion to Dismiss Plaintiffs' First Amended Complaint and Memorandum of Law was served upon all attorneys of record by ECF transmission on this 12th day of February, 2009.

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY:   */s/ Stephanie A. Gahagan*
Stephanie A. Gahagan, Esquire
Attorney for Plaintiff, GMAC